IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Jose Custodio Martinez Chayrez, <br> Plaintiff, <br> v. <br> Asap Restoration LLC and Earl Wurthmann, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

**Now Comes** Plaintiff, Jose Custodio Martinez Chayrez ("Martinez" or "Plaintiff"), by and through his attorneys, Daniel I. Schlade and James M. Dore, complain against Defendants Asap Restoration LLC ("Defendant" or "ASAP") and Earl Wurthmann ("Defendant" or "Earl Wurthmann"), (Asap Restoration LLC and Earl Wurthmann may collectively be referred to as "Defendants") and in support of this Complaint, state:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff Martinez is a resident of Cook County, Illinois; and he was employed by ASAP.

3. Defendant ASAP is a general contractor and an Illinois limited liability company that is headquartered and conducts business in Riverwoods, Illinois.

4. Defendant Earl Wurthmann is the manager and an owner of ASAP. On information and belief, he is resident of either Cook County or Lake County, Illinois.

### Jurisdiction And Venue

5. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1337.

6. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook or Lake County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook or Lake County, Illinois.

## Facts Common To All Claims

7. Defendant ASAP is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity, a general contractor and restoration company.

8. Defendant Earl Wurthmann is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) s/he was Plaintiff's boss at ASAP ; (2) s/he had the power to hire and fire the employees, including Plaintiff; (3) s/he supervised and controlled Plaintiff's work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

## Count 1 – Violation(s) of FLSA

9. Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

10. Plaintiff began working at Defendant ASAP on or about June 2016, and his last day of work was on or about August 12, 2020

11. At all times, Plaintiff held the same position at ASAP , he performed painting, demolition, kitchen-remodeling, and acted as a laborer; Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform the above actions, and he does not fall into any of the exceptions or exemptions for workers under the FLSA.

12. From June 2016 through May 2018, Plaintiff worked on average seventy (70) hours per work week as an employee for Defendants.

13. From June 2018 through August 20, 2020, Plaintiff worked on average forty-five (45) hours per work week as an employee for Defendants.

14. Plaintiff was paid the following hourly rate for the following time period:

    a) from October 2017 to December 2017, Plaintiff was paid $22.00 per hour;

    b) from January 2018 to June 2018, Plaintiff was paid $24.00 per hour;

    c) from July 2018 to June 2019, Plaintiff was paid $25.00 per hour;

    d) from July 2019 to August 2019, Plaintiff was paid $26.00 per hour; and

    e) from September 2019 to August 2020, Plaintiff was paid $30.00 per hour.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

17. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

18. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

19. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $15,955.00 in unpaid overtime wages; (ii) and liquidated damages of $15,955.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.

**WHEREFORE**, Plaintiff Jose Custodio Martinez Chayrez respectfully requests that the Court enter a judgment in his favor and against Defendants ASAP Restoration LLC and Earl Wurthmann, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $15,955.00;

B. An award liquidated damages in an amount equal to at least $15,955.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 2 – Violation of IMWL

20. Plaintiff reincorporates by reference Paragraphs 1-19, as if set forth in full herein for Paragraph 20.

21. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

22. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

23. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

24. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

25. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

26. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**WHEREFORE**, Plaintiff Jose Custodio Martinez Chayrez respectfully requests that the Court enter a judgment in his favor and against Defendants ASAP Restoration LLC and Earl Wurthmann, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $15,955.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

s/ James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 312-726-8401
E: james@dorelawoffices.com; jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiffs request trial by jury for all counts where allowed**